# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JOSE AGUILAR HERNANDEZ
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

WWK CONSTRUCTION, INC.
d/b/a WWK CONSTRUCTION
6912 Bradley Boulevard
Bethesda, MD 20817

WILGESHINO PINTO
a/k/a WILGESHINO PINTO ROJAS
6912 Bradley Boulevard
Bethesda, MD 20817

    Defendants.

Civil Action No. _____

# COMPLAINT

1. While Plaintiff worked for Defendants' construction company, Defendants denied him overtime wages by paying him the same hourly rate across all hours worked — including overtime hours. Furthermore, Defendants did not provide Plaintiff with legally-required paid safe and sick leave.

2. Plaintiff brings this action against WWK Construction, Inc. and Wilgeshino Pinto ("Defendants") to recover damages for Defendants' willful failure to pay overtime wages and to provide safe and sick leave, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-

1001 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; the District of Columbia Workplace Fraud Act ("DCWFA"), D.C. Code § 32-1331 *et seq.*; and the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-531.01 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff Jose Aguilar Hernandez is an adult resident of the District of Columbia.

6. Defendant WWK Construction, Inc. is a Maryland corporate entity. It does business as WWK Construction. Its principal place of business is located at 6912 Bradley Boulevard, Bethesda, MD 20817. Its registered agent for service of process is Patricia Spencer Neal, 4320 3rd Street NW, Washington, DC 20011.

7. Defendant Wilgeshino Pinto is an adult resident of Maryland. He resides at 6912 Bradley Boulevard, Bethesda, MD 20817. He is an owner and officer of Defendant WWK Construction, Inc. He exercises exclusive control over the operations of WWK Construction, Inc. — including its pay practices.

## Factual Allegations

8. Plaintiff worked at WWK Construction from approximately March 2013 through approximately February 24, 2021.

9. At all relevant times, Plaintiff performed the majority of his work in the District of Columbia.

10. Plaintiff worked at WWK Construction as a substitute foreman and general construction laborer.

11. Plaintiff's job duties at WWK Construction primarily consisted of remodeling the exterior of houses and occasionally substituting for the head foreman when needed.

12. Plaintiff typically and customarily worked six days per week.

13. Plaintiff typically and customarily worked approximately fifty-eight hours per week.

14. Plaintiff typically and customarily worked the following schedule:

|           | **Start Time** | **End Time** | **Break Time** | **Hours Worked** |
|-----------|----------------|--------------|----------------|------------------|
| Monday    | 7:00 a.m.      | 6:00 p.m.    | 1              | 10.0             |
| Tuesday   | 7:00 a.m.      | 6:00 p.m.    | 1              | 10.0             |
| Wednesday | 7:00 a.m.      | 6:00 p.m.    | 1              | 10.0             |
| Thursday  | 7:00 a.m.      | 6:00 p.m.    | 1              | 10.0             |
| Friday    | 7:00 a.m.      | 6:00 p.m.    | 1              | 10.0             |
| Saturday  | 7:00 a.m.      | 4:00 p.m.    | 1              | 8.0              |
| Sunday    | *Off*          |              |                |                  |
|           |                |              |                | **58.0 hours total** |

15. At all relevant times, Defendants paid Plaintiff by the hour.

16. Defendants paid Plaintiff approximately the following hourly rates:

| **Approximate Dates**           | **Hourly Rate** |
|---------------------------------|-----------------|
| Feb. 26, 2015–Dec. 31, 2016     | $16.00          |
| Jan. 01, 2017–Jun. 30, 2018     | $17.00          |
| Jul. 01, 2018–May 17, 2020      | $18.00          |
| Jul. 06, 2020–Feb. 24, 2021     | $19.00          |

17. Defendants typically and customarily paid Plaintiff by check, with no accompanying paystub.

18. Plaintiff typically and customarily worked more than forty hours per workweek for Defendants.

19. At all relevant times, Defendants paid Plaintiff the same regular hourly rate across all hours worked.

20. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

21. Defendants owe Plaintiff approximately $37,800.00 in overtime wages (excluding liquidated damages).

22. Furthermore, Defendants never provided Plaintiff Aguilar Hernandez with paid leave as required by the ASSLA. D.C. Code § 32-531.02.

23. Plaintiff lost wages in 2015–2021 because he was sick.

24. For Defendants' failure to provide paid leave, Defendants owe Plaintiff approximately $2,600.00 in lost wages and compensatory damages.

25. Defendants should have provided Plaintiff with three days of paid leave in each year from 2015 through 2020, and one day of paid leave in 2021.

26. Defendants also owe Plaintiff $9,500.00 — $500.00 of statutory damages for each accrued day of leave denied, regardless of whether Plaintiff took unpaid leave or reported to work on that day. D.C. Code § 32-531.12(b).

27. Defendant Wilgeshino Pinto hired Plaintiff.

28. Defendant Wilgeshino Pinto set Plaintiff's hourly rate and manner of pay.

29. Defendant Wilgeshino Pinto signed Plaintiff's paychecks.

30. Defendant Wilgeshino Pinto fired Plaintiff.

31. At all relevant times, Defendants had the power to hire and fire Plaintiff.

32. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

33. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

34. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

35. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

36. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

37. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

38. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

39. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

40. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

41. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1).

42. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

43. Defendants' violations of the FLSA were willful.

44. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA

45. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

46. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

47. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

48. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

49. Defendants' violations of the DCMWA were willful.

50. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid overtime wages, an amount equal to three times the unpaid overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

51. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

52. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

53. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

54. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

55. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

56. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including overtime wages.

57. Defendants' violations of the DCWPCL were willful.

58. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## COUNT IV
## MISCLASSIFICATION UNDER THE DCWFA

59. Plaintiff incorporates the foregoing paragraphs as if set forth in its entirety herein.

60. Defendants employed Plaintiff in the "construction services" industry within the meaning of the DCWFA, D.C. Code § 32-1331.01(1).

61. Each defendant was an "employer" of Plaintiff within the meaning of the DCWFA, D.C. Code § 32-1331.01(3).

62. The DCWFA forbids employers from misclassifying employees as independent contractors. D.C. Code § 32-1331.04.

63. The DCWFA establishes a statutory presumption of an employee-employer relationship. D.C. Code § 32-1331.04(c).

64. Defendants knowingly misclassified Plaintiff as an independent contractor.

65. At all relevant times, Plaintiff's work activities were within Defendants' usual course of business.

66. No written contract ever existed between Defendants and Plaintiff.

67. Defendants never created or provided Plaintiff with a notice stating that he was an independent contractor, pursuant to D.C. Code § 32-1331.12(b)(2).

68. As a result of Defendants' misclassification, Plaintiff was not paid overtime wages.

69. For Defendant' violations of the DCWFA, they are liable to Plaintiff for unpaid wages, plus an amount equal to three times the unpaid overtime wages as damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. D.C. Code § 32-1331.09.

## COUNT V
## FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

70. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

71. Each defendant was an "employer" of Plaintiff within the meaning of the ASSLA. D.C. Code § 32-531.01.

72. The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-531.02(a).

73. Defendants violated the ASSLA by not providing Plaintiff the required paid leave.

74. For Defendants' violations of the ASSLA, Defendants also owe Plaintiff $500.00 of statutory damages for each accrued day of leave denied, regardless of whether Plaintiff took unpaid leave or reported to work on that day. D.C. Code § 32-531.12(b).

75. For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost wages, compensatory damages, punitive damages, Plaintiff's reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. D.C. Code § 32-531.12(e).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$167,817.80**, and grant the following relief:

    a.    Award Plaintiff $151,200.00, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid overtime wages, plus three times the amount of overtime wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

       iii.      unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

       iv.      unpaid overtime wages and benefits, plus an amount equal three times the amount of unpaid overtime wages and benefits, pursuant to the DCWFA, D.C. Code § 32-1331.09;

b.      Award Plaintiff $12,100.00, consisting of the following:

       i.      $2,600.00 in lost wages and compensatory damages for denied paid leave, pursuant to the ASSLA, D.C. Code § 32-531.02(e);

       ii.      $9,500.00 in statutory damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-531.12(b);

c.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

d.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,115.80);

e.      Award Plaintiff court costs (currently, $402.00); and

f.      Award any additional relief the Court deems just.

Date: March 19, 2021              Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*